UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ANTHONY PARKER,

Petitioner,

v.

ISIDRO BACA, *et al.*,

Respondents.

Case No. 3:17-cv-00442-MMD-WGC

ORDER

Before the Court is respondents' motion to dismiss (ECF No. 8). Petitioner has not filed a response within the time allotted by Local Rule LR 7-2, and thus is deemed to consent to the granting of the motion. LR 7-2(d). After reviewing the motion and the supporting exhibits, the Court grants the motion.

Pursuant to a plea agreement, petitioner was convicted in state district court of second-degree murder. (Exh. 40 (ECF No. 10-9).) Petitioner appealed, and the Nevada Supreme Court affirmed. (Exh. 61 (ECF No. 11).)

Petitioner then commenced post-conviction proceedings in the state district court. The state district court denied his petition. (Exh. 79 (ECF No. 11-18).) Petitioner appealed, and the Nevada Court of Appeals affirmed. (Exh. 94 (ECF No. 11-33).)

Petitioner then commenced this action.

Respondents argue correctly that ground 3 of the petition is not cognizable in federal habeas corpus. Petitioner alleges in ground 3 that counsel failed to challenge the propriety of the charge of second-degree murder. This is a claim of a pre-plea

constitutional violation, and petitioner is barred from raising it in federal habeas corpus. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).[1]

Respondents also argue correctly that ground 4 of the petition is not cognizable in federal habeas corpus. Petitioner alleges in ground 4 that the state district court erred in admitting evidence at the post-conviction evidentiary hearing. "[A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings." *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989); *see also Gerlaugh v. Stewart*, 129 F.3d 1027, 1045 (9th Cir. 1997).

It is therefore ordered that respondents' motion to dismiss (ECF No. 8) is granted. Grounds 3 and 4 of the petition are dismissed.

It is further ordered that respondents will have forty-five (45) days from the date of entry of this order to file and serve an answer, which must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will have forty-five (45) days from the date on which the answer is served to file a reply.

DATED THIS 4th day of January 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner does claim in ground 1 that counsel provided ineffective assistance in advising him to plead guilty. That claim is distinct from the claim that counsel should have challenged the propriety of a charge to which petitioner later pleaded guilty.